
FILED
2006 Jan-31  AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GREG GOLDSMITH,** )<br>)<br>Plaintiff, )<br>)<br>**vs.** )<br>)<br>**BAGBY ELEVATOR** )<br>**COMPANY, INC.,** )<br>)<br>Defendant. ) | Civil Action Number<br>**2:03-cv-1018-UWC** |

### MEMORANDUM OPINION REJECTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this action under Title VII of the Civil Rights Act of 1964, 2000e *et seq.*, the Magistrate Judge has made a Report and Recommendation ("R&R") that the Defendant Bagby Elevator Company's Motion for Summary Judgment be granted and that the case be dismissed. (Doc. 35.)

Because when the facts are construed in a light most favorable to the Plaintiff, there are genuinely disputed issues; and because the Defendant is not entitled to judgment as a matter of law, the R&R is due to be rejected.

1

I. <u>Alleged Discriminatory Failure to Promote</u>

On his claim that he was not promoted by Bagby into a field position, it is undisputed that Plaintiff was qualified for such position. It is also undisputed that Bagby hired one or more white applicants into field positions after Plaintiff's name was placed on hiring list. Lastly there is evidence that Plaintiff was more qualified than the white applicants that were hired. (Doc. 27, Ex. 3, Gardner Dep. 89-90, 92; Ex. 11, Ward Dep. 28-30; Ex. 1, Goldsmith Dep. 272.) Therefore Plaintiff has made a *prima facie* showing of racial discrimination. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1539 (11th Civ. 1997).

Defendant has articulated a legitimate non discriminatory reason for not hiring Plaintiff. It maintains that there was a virtual policy of not hiring shop employees, such as Plaintiff, for field positions. (Doc. 27, Ward Dep. 33.) However, Bagby's President, Arthur Steeber, was unaware of such a policy. (Doc. 27, Ex. 7, Steeber Dep. 58-60.) In fact, Steeber testified that being a shop employee would not exclude someone from being considered for a field position, which contradicts, Defendant's legitimate non discriminatory reason. (Doc. 27, Ex. 7, Steeber Dep. 60.)

Giving all favorable inferences to the Plaintiff, the fact finder may well conclude that the Defendant's articulated reason is unworthy of credence and a

pretext.

## II. Alleged Hostile Work Environment:

There is ample evidence in support of Plaintiff's claim of a hostile work environment. One of Plaintiff's coworkers, David Walker, repeatedly made racially offensive remarks while at work. More important, one of his supervisors, Ron Farley, also made such comments. (Doc. 27, Ex. 1, Goldsmith Dep. 142-145, 167; Ex. 9, Jemison Dep. 107-109; Doc. 22, Ex. 5 Isbell Dep. 22.) Plaintiff talked to a supervisor and subsequently filed an EEOC complaint concerning these remarks. (Doc. 27, Ex. 1, Goldsmith Dep. 149; Ex. 12, Goldsmith's EEOC charge.)

There is no evidence that Defendant has an adequate policy addressing harassment in the workplace. *Johnson v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 510 (11th Cir. 2000); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Plaintiff tried to avail himself of the policy that was in place, however evidence indicates that his complaints were not responded to. (Doc. 27, Ex. 1, Goldsmith Dep. 148, 149; Ex. 7, Steeber Dep 14, 18.)

Accordingly, summary judgment is due to be denied on Plaintiff's claim of hostile work environment.

III. <u>The Termination Claim:</u>

There are genuinely disputed factual issues concerning Plaintiff's termination claim. There is evidence that a white employee who refused to sign the arbitration agreement was given additional time to reconsider executing the agreement prior to his termination. (Doc. 22, Ex. 5, Isbell Dep. 35-38; Doc. 27, Ex. 10, Walker Dep. 37-40.) But Plaintiff was not afforded such an opportunity.

In any event, the law is not clear that the Defendant may compel an employee to arbitrate his claim while it is pending before the Equal Employment Opportunity Commission ("EEOC"). *See, Little v. United Tech., Carrier Traniscold Div.*, 103 F.3d 956, 960 (11th Cir. 1997).

Given the presence of genuinely disputed factual issues, and the unsettled state of the law concerning the Defendant's right to terminate the Plaintiff for his failure to execute an arbitration agreement while his claim is pending before the EEOC, by separate order the Magistrate Judge's R&R will be rejected and the Defendant's Motion for Summary Judgment denied.

Done the 31st day of January, 2006.

/s/ U.W. Clemon
U.W. Clemon
Chief United States District Judge