IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GREG GOLDSMITH,**<br><br>   Plaintiff,<br><br>v.<br><br>**BAGBY ELEVATOR COMPANY, INC.,**<br><br>   Defendant. | **CIVIL ACTION NO.**<br>**2:03-cv-01018-IPJ** |

## OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Defendant, Bagby Elevator Company, Inc. (hereinafter "Defendant"), and submits its brief in opposition to "Plaintiff's Motion for Leave to Amend Complaint" (hereinafter "Motion"). Plaintiff's Motion is due to be denied for several reasons.

1.   It is simply too late to amend the pleadings. Plaintiff filed his Motion on June 8, 2006, at 4:27 p.m. The Scheduling Order (Doc. 9) established September 30, 2003, as the deadline for Plaintiff to amend the pleadings. Theoretically, Plaintiff could have attempted to add his new pattern and practice allegation in his section of the Court's pretrial order. Plaintiff had two opportunities to assert a pattern and practice allegation in a pretrial order but he failed to do so. See Pretrial Order of February 15, 2006 (Doc. 49), and Pretrial Order of June 7, 2006 (Doc. 76), neither of which contains an averment that Defendant engaged in a pattern and practice of racial discrimination or retaliation.

2.   Defendant would be unfairly prejudice by the allowance of the proposed Amended Complaint because it would be deprived of the opportunity to conduct discovery with respect to Plaintiff's pattern and practice allegation. The discovery period ended on May 10, 2004. See Scheduling Order of July 16, 2003 (Doc. 9), and Order of April 22, 2004 (Doc.19).

3.      Finally, the Motion should be denied because the proposed amendment to the Complaint would be futile. It is well established that an individual plaintiff cannot bring a pattern and practice claim. Pattern and practice claims may be brought either by the EEOC upon reasonable cause to believe that the respondent has engaged in a pattern or practice of discrimination or by a class of private plaintiffs. EEOC v. Joe's Stone Crab, Inc., 220 F. 3d 1263, 1286 (11th Cir. 2000), cert. denied, 539 U.S. 941 (2003). Numerous courts have held that individual plaintiffs may not bring a pattern-and-practice claim. E.g., Bacon v. Honda of America Mfg., Inc., 370 F.3d 565, 575 (6th Cir. 2004) ("We therefore hold that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs. We subscribe to the rationale that a pattern-or-practice claim is focused on establishing a policy of discrimination; because it does not address individual hiring decisions, it is inappropriate as a vehicle for proving discrimination in an individual case."); Lowery v. Circuit City Stores, 158 F.3d 742, 760 (4th Cir. 1998) (same), vacated on other grounds, 527 U.S. 1031 (1999), cert. denied, 531 U.S. 822 (2000); Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 (7th Cir. 1990) (same); Scarlett v. Seaboard Coast Line R. Co., 676 F.2d 1043, 1053 (5th Cir. 1982); Babrocky v. Jewel Food Co., 773 F.2d 857, 866-67 n. 6 (7th Cir. 1985). As the Supreme Court has held:

> The crucial difference between an individual's claim of discrimination and a class action alleging a general pattern or practice of discrimination is manifest. The inquiry regarding an individual's claim is the reason for a particular employment decision, while at the liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decision making.

Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 875-76 (1984) (internal quotations omitted).

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint is due to be denied.

**s/ Steven M. Stastny**
Steven M. Stastny
(ASB-7803-S71S)
**s/ Marion F. Walker**
Marion F. Walker
(ASB-0734-L73M)
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, AL 35203
Telephone:  (205) 244-5900
Facsimile:  (205) 244-5901
E-mail:  sstastny@fordharrison.com
E-mail:  mwalker@fordharrison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Cynthia Forman Wilkinson, Esq.**, Wilkinson Law Firm, P.C., New South Federal Building, Suite 811, 215 Richard Arrington, Jr. Blvd., Birmingham, Alabama 35203; and **Larry R. Mann, Esq.**, New South Federal Building, Suite 701, 215 Richard Arrington Jr. Blvd., Birmingham, AL 35203, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  **N/A**

**s/ Steven M. Stastny**
Steven M. Stastny

Birmingham:12952.1