FILED
2006 Aug-02 PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

GREG GOLDSMITH,

    PLAINTIFF,

v.                                CASE NO. CV-03-J-1018-S

BAGBY ELEVATOR COMPANY,
INC.,

    DEFENDANT.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion for attorney fees (doc. 96), plaintiff's bill of costs (doc. 97), plaintiff's supplemental motion for attorney fees (doc. 98), plaintiff's supplemental bill of costs (doc. 100), defendant's reply and objection to plaintiff's motion for attorney fees (doc. 101), defendant's corrected reply and objections to plaintiff's motion for attorney fees (doc.102), and plaintiff's reply to defendant's corrected reply (doc. 105). Having considered the motions and response, the court finds as follows:

Upon jury trial the plaintiff, a black male, obtained a jury verdict in his favor and against his employer, the defendant, in the amount of $554,321.18. The jury awarded $27,160.59 for net loss of wages and benefits, $27,160.59 for emotional pain and mental anguish, and $500,000.00 in punitive damages. The court thereafter

entered a judgment in favor of the plaintiff and against the defendant for that amount (doc. 94). The defendant filed a post trial motion for judgment as a matter of law or, in the alternative, for new trial or remittitur and memorandum in support (doc. 95), which the court denied (doc. 99). As such, the plaintiff was clearly the prevailing party, entitling him to reasonable attorney fees, having brought a successful action under Title VII and 42 U.S.C. § 1981 for race discrimination. *See* 42 U.S.C. § 2000e-5K. Under the law of this Circuit, the court must determine the reasonableness of plaintiff's attorneys' fees. In doing so, the court must "articulate the decisions it makes, give principled reasons for those decisions, and show the specific fee calculations." *Sierra Club v. Hankinson,* 351 F.3d 1358, 1361 (11th Cir. 2003), citing *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1304 (11th Cir.1988). To fashion a fee award, this court must multiply hours reasonably expended by a reasonable hourly rate. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). Additionally, the court may adjust the award to account for other considerations that have not yet been figured in the computation. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996).

*Reasonable Hourly Rate*:

The court finds that two attorneys submitted documentation supporting claims for the plaintiff's attorney fees in the amount of $196,650.00.[1]  The plaintiff also seeks $1,800.00 for time spent by a paralegal, as well as recovery of $9,328.17 in expenses and costs.  Both attorneys claim the rate of $300.00 per hour.  The paralegal's hourly rate is claimed at $30.00 per hour.  The defendant asserts that $300.00 per hour is not a reasonable hourly rate as plaintiff's counsel has not established that amount as the prevailing market rate for attorneys of their experience.

The court has considered the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), in determining a reasonable hourly rate.  The court finds this case did not present novel or difficult questions, did not require specialized skills, was not more labor intensive than other Title VII discrimination cases, did not preclude other employment for the attorneys and was no more or less desirable than most Title VII cases.  The court also finds that this case lingered longer than most Title VII cases in this district, through no fault of the plaintiff or his counsel, involved a contingent fee, achieved a very good result for the plaintiff, plaintiff's counsel did an excellent job representing their client, and that

---

[1] These were submitted as $92,730.00 for Larry Mann and $103,920.00 for Cynthia Wilkinson.

both of plaintiff's counsel are well experienced and more than able in the area of Title VII cases.

However, "[t]he fee applicant bears the burden of 'establishing entitlement and documenting the appropriate hours and hourly rates.'" *Hall v. Lowder Realty Co., Inc.*, 263 F.Supp.2d 1352, 1358 (M.D.Ala.2003)(quoting *Norman,* 836 F.2d at 1303). This burden includes supplying the court with specific and detailed evidence from which it can determine the reasonable hourly rate. *Barnes,* 168 F.3d at 427. Other than the affidavits of two Birmingham attorneys asserting that $300.00 is a reasonable rate, as well as an affidavit of plaintiff's counsel, the plaintiff has not provided the court any evidence in support of the contention that this is a prevailing market rate for a case of this type.[2] In the reply, plaintiff's counsel asserts amounts awarded by other judges in the Northern District of Alabama. Attorney Wilkinson states she was awarded $250.00 per hour by Judge Bowdre in 2003. Attorney Mann states he was awarded $190.00 per hour by Judge Clemon.[3]

---

[2]By affidavit, counsel for plaintiff assert that "The Northern District of Alabama has found hourly rates between $300 and $450 per hour to be reasonable and customary for attorneys practicing in the labor and employment areas." Affidavit of Larry Mann, at 4. Similarly, attorney David Arendall submitted an affidavit in support of the plaintiff's claim of $300.00 per hour, which states only that "In 2006, the prevailing market rate in Alabama for plaintiffs' attorneys in such cases ... ranges from $200.00 to $350.00 per hour." Affidavit of Arendall, ¶ 4. No citation to any case where these amounts were found reasonable has been provided to the court.

[3]Although not stated by attorney Mann, the court believes that said award was in 2001, in *Dumas v. Tyson Foods, Inc.*, 139 F.Supp.2d 1243 (N.D.Ala.2001).

The court has searched for recent awards to attorneys in Title VII cases in an attempt to establish the prevailing market rate. The most recent award by this court for attorney's fees was $250.00.[4] As another court has explained:

> The plaintiff has provided no information about such rates and, as the preceding footnote makes clear, the *highest* hourly rate in employment discrimination cases requested or upheld in this district is $250. Counsel justifiably trumpets her "experience, reputation and ability," but "[a] prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given issue, regardless of price, but only for one with reasonable expertise at the market rate." *ACLU v. Barnes,* 168 F.3d at 437. Despite counsel's suggestion that the same-sex nature of the complaint somehow removed the case beyond the ken of most employment lawyers, the Court finds nothing so special about such cases that local counsel experienced in sexual harassment cases could be said on that basis to lack "reasonable expertise."

*Allen v. McClain EZ Pack of Alabama, Inc*., 2005 WL 1926636, *4 (S.D.Ala.2005) (citations to record omitted). Given the lack of support for an hourly rate of $300.00 being reasonable, and this court's highest hourly award being $250.00, the court is of the opinion that the rate of $250.00 per hour is reasonable for both of plaintiff's attorneys.

Defendant does not challenge plaintiff's request for paralegal compensation at the rate of $30.00 per hour and the court finds this rate more than reasonable.

---

[4]*See Morgan v. Thomas*, CV 04-J-1181-J. Although this was a civil rights case as opposed to a Title VII case, the court notes that the provisions allowing awards of attorney's fees require the same considerations.

*Reasonable Hours Expended*:

This court must now determine whether the number of hours expended by counsel are reasonable. *Duckworth*, 97 F.3d at 1397. The court must deduct redundant hours and time spent on unsuccessful claims. *Barnes,* 168 F.3d at 432. The defendants must make specific and reasonably precise objections concerning hours to be excluded. *Id.* at 428.

In its response to the plaintiff's petition, defendant argues that plaintiff's counsel billed for fees for clerical or ministerial tasks which could have been handled by clerical staff as "office overhead." The court has considered each of these challenged entries item by item.[5] The court agrees that the following line items are not proper for compensation:[6]

| | | | | |
|---|---|---|---|---|
| 108:[7] | 2-10-04 | .1 | Larry Mann | Call to Plaintiff left message. |
| 109: | 2-10-04 | .1 | Larry Mann | Call from Plaintiff left message. |
| 176: | 4-27-04 | .2 | Cynthia Wilkinson | Notice of Change of Address. |
| 180: | 4-29-04 | .1 | Larry Mann | Review Notice of Change of Address for Cynthia Wilkinson. |
| 182: | 4-29-04 | .1 | Cynthia Wilkinson | Prepare and fax letter and depo notices to Larry Mann to review. |

---

[5]In its reply, the plaintiff has withdrawn the requests for compensation in lines 263, 306, 310, 371, 396, 398, 399, 419 and 601.

[6]The court does not necessarily agree that these line items are properly classified as "overhead." Some of these items the court simply finds redundant of other work by the same attorney or by co-counsel.

[7]The number preceding each entry correlates to the numbers assigned by defendant in Exhibit 1.

| | | | | |
|---|---|---|---|---|
| 186: | 4-29-04 | .1 | Cynthia Wilkinson | Fax Walker subpoena to Larry Mann. |
| 188: | 4-30-04 | .1 | Cynthia Wilkinson | Fax to Larry Mann regarding copying costs and expenses. |
| 189: | 4-30-04 | .1 | Larry Mann | Review fax from Cynthia Wilkinson regarding copying costs and letter to defense counsel. |
| 226: | 6-17-04 | .1 | Cynthia Wilkinson | Memo to file and legal assistant regarding MSJ dates. |
| 227: | 6-17-04 | .1 | Cynthia Wilkinson | Fax to Larry Mann regarding MSJ. |
| 228: | 6-17-04 | .1 | Larry Mann | Review fax from Cynthia Wilkinson regarding MSJ. |
| 229: | 6-18-04 | .1 | Cynthia Wilkinson | Call from Larry Mann regarding MSJ. |
| 240: | 7-12-04 | .1 | Larry Mann | Call from plaintiff left message. |
| 242: | 7-19-04 | .1 | Larry Mann | Call from plaintiff left message. |
| 247: | 7-22-04 | .1 | Larry Mann | Review motion to extend pages. |
| 262: | 10-19-04 | .1 | Larry Mann | Call from plaintiff left message. |
| 283: | 6-28-05 | .2 | Cynthia Wilkinson | Notice of change of address. |
| 286: | 10-12-05 | .1 | Cynthia Wilkinson | Memo from assistant regarding court reporter bill sent to Larry Mann. |
| 294: | 12-2-05 | .2 | Cynthia Wilkinson | Call from assistant regarding R&R. |
| 340: | 1-6-06 | .1 | Cynthia Wilkinson | Memo to assistant to diary 10 days from Order. |
| 344: | 1-13-06 | .1 | Cynthia Wilkinson | Memo to assistant to request hearing transcript. |
| 350: | 1-27-06 | .1 | Cynthia Wilkinson | Notice of transcript. |
| 372: | 2-13-06 | .1 | Cynthia Wilkinson | Memo to assistant to pull MSJ briefs. |
| 444: | 3-31-06 | .1 | Larry Mann | Review letter to Latrinda Peoples. |
| 448: | 4-4-06 | .1 | Cynthia Wilkinson | Call from defense counsel left message. |

| | | | | |
|---|---|---|---|---|
| 576: | 5-31-06 | .1 | Cynthia Wilkinson | Memo to assistant to deliver pre-trial order draft to Larry Mann. |
| 596: | 6-5-06 | .1 | Cynthia Wilkinson | Call to court regarding time to review electronic system. |
| 635: | 6-9-06 | .5 | Cynthia Wilkinson | Take plaintiff to courthouse. |
| 636: | 6-9-06 | .5 | Larry Mann | Take plaintiff to courthouse. |
| 638: | 6-9-06 | 1.5 | Larry Mann | Help prepare and serve Carr Riggs subpoena. |

Defendant also challenges all of the time claimed by plaintiff's counsel's paralegal as consisting solely of clerical tasks. Defendant asserts this time should be stricken in its entirety. The court disagrees in part only, and finds that the following claims are not compensable:

| | | |
|---|---|---|
| 6-8-06 | .3 | Install PowerPoint program on laptop. |
| 6-8-06 | .3 | Order Supplies for Trial. |
| 6-9-06 | .1 | Input expenses into Expense Report. |
| 6-12-06 | 2.5 | Get Supplies for Notebooks; Copies from Staples; Tabs from Staples and Office Depot. |
| 6-19-06 | .2 | Updated time and Expenses. |
| 7-7-06 | .1 | Update Time. |
| 7-10-06 | 2.0 | Format, prepare, and update time sheet. |

Defendant also challenges numerous claims of time spent by plaintiff's counsel as either duplicative or excessive. With the relevant standards in mind, the court has examined each of the line items challenged by defendant as excessive or duplicative.[8] The court finds as follows concerning these claims:

---

[8]The plaintiff points out that some of defendant's claims of duplicative time are, in fact, duplicative. In its consideration of whether time spent by plaintiff's counsel was duplicative, the court considered each line item claim only once, regardless of the number of times the defendant objected to that item.

8

| | | | | |
|---|---|---|---|---|
| 318 | 12-20-05 | 3.5 | Cynthia Wilkinson | Prepare and file opposition to hearing and request for reassignment. |
| 319 | 12-20-05 | 3.5 | Larry Mann | Prepare and file opposition to hearing and request for reassignment. |
| 333 | 12-27-05 | 2.3 | Cynthia Wilkinson | Work on objection to amended R&R review depositions and briefs. |
| 334 | 12-27-05 | 2.3 | Larry Mann | Work on objection to amended R&R review depositions and briefs. |
| 335 | 12-30-05 | 1.9 | Cynthia Wilkinson | Work on objection to amended R&R review depositions and briefs. |
| 336 | 1-3-06 | 5.8 | Cynthia Wilkinson | Work on objection to amended R&R. |
| 337 | 1-4-06 | 1.3 | Cynthia Wilkinson | Work on objection to amended R&R review depositions and briefs. |
| 338 | 1-5-06 | .8 | Cynthia Wilkinson | Work on objection to amended R&R review depositions and briefs. |
| 339 | 1-6-06 | 4.3 | Cynthia Wilkinson | Finalize and file objection to amended R&R. |
| 341 | 1-6-06 | 3.3 | Larry Mann | Review and make changes to objection to amended R&R. |
| 433 | 3-19-06 | 6.0 | Cynthia Wilkinson | Work on plaintiff's objections to defendant's witness and exhibit list. |
| 434 | 3-20-06 | 2.3 | Cynthia Wilkinson | Prepare objections to defendant's Witness and Exhibit list. |
| 435 | 3-21-06 | 3.5 | Larry Mann | Review and make changes to plaintiff's objections to defendant's Witness and Exhibit list. |

| | | | | |
|---|---|---|---|---|
| 436 | 3-22-06 | 1.0 | Larry Mann | Finalize and file plaintiff objections to defendant witness and exhibit list. |
| 438 | 3-22-06 | 2.8 | Larry Mann | Finalize and file objections to defendant's Witness and Exhibit list.[9] |
| 573 | 5-30-06 | 1.8 | Cynthia Wilkinson | Work on converting pre-trial order. |
| 574 | 5-30-06 | 4.1 | Cynthia Wilkinson | Work on converting pre-trial order. |
| 577 | 5-31-06 | 2.8 | Larry Mann | Review pre-trial order and make changes. |
| 584 | 6-1-06 | 4.2 | Cynthia Wilkinson | Finalize and e-mail pre-trial order. |
| 606 | 6-7-06 | 1.1 | Cynthia Wilkinson | Work on motion to amend complaint and amended complaint. |
| 607 | 6-7-06 | .7 | Cynthia Wilkinson | Work on motion to amend complaint and amended complaint. |
| 611 | 6-8-06 | .5 | Cynthia Wilkinson | Finalize and file motion to amend complaint and amended complaint. |
| 612 | 6-8-06 | .5 | Larry Mann | Finalize and file motion to amend complaint and amended complaint. |
| 658 | 6-12-06 | .1 | Larry Mann | Review Order granting motion to amend complaint. |

Given the content of the opposition referenced by items 318-319, the court agrees that 7.0 hours is excessive. The court shall allow 1.5 hours for preparation and

---

[9]The court notes plaintiff's objections to defendant's witness and exhibit list was only filed one time.

10

filing of this document to each of plaintiff's counsel, a reduction of 2 hours for each attorney.

The court has considered entries numbered 333-339 and 341 as a group, consisting of 22 hours spent working on an objection to an amended Report and Recommendation, as listed above. The court agrees with defendant that the amount of time claimed is both excessive and duplicative. The court shall allow attorney Wilkinson 12 hours total for preparation of this document (a reduction of 4.4 hours) and attorney Mann 4 hours total for preparation of this document (a reduction of 1.6 hours).

Line items 433-436 and 438, listed above, concern plaintiff's claim of 15.6 hours in preparation of plaintiff's objections to defendant's witness and exhibit lists. The court has reviewed this document (doc. 53) and finds that it basically stated that the plaintiff objects to the admission of any testimony or evidence which is not admissible under the Federal Rules of Civil Procedure. The court agrees with defendant that the time claimed is excessive and shall reduce the hours claimed by attorney Wilkinson by 2.3, allowing 6 hours for preparation of this document by this attorney, and shall reduce the hours claimed by attorney Mann by 2.3, allowing 5 hours for preparation of this document by this attorney.

The set of entries numbered 573, 574, 577 and 584 concern preparation of a pretrial order. The plaintiff claims 8.7 hours for this activity. The pretrial order in question, submitted by the parties for the court's approval after this case was transferred to the undersigned judge was substantially similar to the pretrial order entered by the previous judge assigned to this case. The plaintiff's counsel claims almost 14 hours for preparation of the first pretrial order (doc. 49). The court finds the claim for an additional 12.9 hours to resubmit the same proposed order (doc. 76) is excessive.[10] The court allows 3 hours for attorney Wilkinson, resulting in a reduction of 7.1 hours, and allows 1 hour for attorney Mann, resulting in a reduction of 1.8 hours.

The hours spent on an amended complaint, numbered 606-607, 611-612 and 658, that was never filed, are also not compensable.

The next set of entries the defendant challenges as duplicative. To recover for the work of multiple attorneys, a fee applicant must demonstrate that the time spent by each attorney reflects the distinct contribution of each. *Barnes*, 168 F.3d at 432. The court has considered each of the line items identified by the defendant. The court

---

[10]The court notes that defendant added the above referenced hours expended to total 8.7 hours. This is incorrect.

agrees that the following entries are duplicative and therefore not wholly compensable:[11]

| | | | | |
|---|---|---|---|---|
| 130 | 3-9-04 | .1 | Larry Mann | Review depo notice for plaintiff. |
| 135 | 3-11-04 | 7.2 | Cynthia Wilkinson | Meet with plaintiff and attend depo. of plaintiff. |
| 136 | 3-11-04 | 7.2 | Larry Mann | Meet with plaintiff and attend depo. of plaintiff. |
| 179 | 4-27-04 | .3 | Larry Mann | Phone conference with Larry Mann to discuss depostions.[12] |
| 201 | 5-6-04 | 1.4 | Cynthia Wilkinson | Depo prep and deposition of Larry Isbell. |
| 202 | 5-6-04 | 1.2 | Larry Mann | Depo prep and deposition of Larry Isbell. |
| 203 | 5-6-04 | .5 | Cynthia Wilkinson | Depo of Donnie Hicks. |
| 204 | 5-6-04 | .5 | Larry Mann | Depo of Donnie Hicks. |
| 205 | 5-6-04 | .5 | Cynthia Wilkinson | Depo of Jim Ward. |
| 206 | 5-6-04 | .5 | Larry Mann | Depo of Jim Ward. |
| 207 | 5-6-04 | .7 | Cynthia Wilkinson | Depo of Arthur Steber. |
| 208 | 5-6-04 | .7 | Larry Mann | Depo of Arthur Steber. |
| 211 | 5-6-04 | 1.0 | Cynthia Wilkinson | Depo of Johnny Bowden. |
| 218 | 5-18-04 | 3.1 | Cynthia Wilkinson | Prepare for and attend sworn statement of Curlee Thomas at his home. |
| 219 | 5-18-04 | 3.1 | Larry Mann | Prepare for and attend sworn statement of Curlee Thomas at his home. |

---

[11]Some of the line items reflect both attorneys attended depositions or worked on a pleading. While defendant lists only the second entry for each of these activities, the court notes that this results in a reduction to one of plaintiff's counsel much more substantially than the other. The court therefore has included the work it finds duplicative by both attorneys, and thereafter states how the hours claimed will be reduced accordingly.

[12]Plaintiff's counsel may not be compensated for talking to himself, whether on the phone or in person.

13

| | | | | |
|---|---|---|---|---|
| 252 | 7-27-04 | .1 | Larry Mann | Review Court's Order regarding SJ page limit. |
| 289 | 11-8-05 | .1 | Larry Mann | E-mail from Court regarding MSJ. |
| 299 | 12-5-05 | .8 | Cynthia Wilkinson | Phone conference with client. |
| 300 | 12-5-05 | .8 | Larry Mann | Phone conference with client. |
| 313 | 12-19-05 | .1 | Larry Mann | Review Order regarding oral argument. |
| 315 | 12-19-05 | .1 | Larry Mann | Review defendant's motion to continue hearing. |
| 317 | 12-20-05 | .1 | Larry Mann | Review Order granting defendant's motion to continue hearing. |
| 322 | 12-21-05 | .1 | Larry Mann | Review Order regarding opposition to hearing and reassignment. |
| 328 | 12-21-05 | .1 | Larry Mann | Review e-mail minute entry by Court regarding hearing. |
| 356 | 2-2-06 | .1 | Larry Mann | Review Order setting Pre-Trial conference. |
| 386 | 2-15-06 | .3 | Cynthia Wilkinson | Review Pre-Trial Order. |
| 403 | 3-10-06 | .2 | Larry Mann | Call from defense counsel regarding settlement at Legion bankruptcy claim. |
| 409 | 3-13-06 | .2 | Larry Mann | reviewed letter confirming mediation |
| 554 | 5-10-06 | .1 | Cynthia Wilkinson | Call from Court regarding pre-trial conference. |
| 590 | 6-5-06 | .1 | Larry Mann | Review Order resetting pre-trial. |
| 648 | 6-12-06 | .1 | Larry Mann | Review defendant's motion to substitute exhibit to defendant's motion in limine. |
| 653 | 6-12-06 | 1.1 | Cynthia Wilkinson | Prepare and file opposition to defendant's motion for partial relief from subpoena. |

| | | | | |
|---|---|---|---|---|
| 654 | 6-12-06 | 1.1 | Larry Man | Prepare and file opposition to defendant's motion for partial relief from subpoena. |
| 660 | 6-12-06 | .6 | Larry Mann | Review Order regarding motions in limine. |
| 662 | 6-12-06 | .8 | Larry Mann | Met with witness Latrinda Peoples. |
| 666 | 6-12-06 | .3 | Larry Mann | Review motion to quash subpoena for Double Arthur. |
| 669 | 6-12-06 | .2 | Larry Mann | Review defendant's objections to subpoena for records. |
| 671 | 6-12-06 | .3 | Larry Mann | Review Double Arthur objections to subpoena and call attorney. |
| 673 | 6-12-06 | .2 | Larry Mann | Review letter from Johnston Barton regarding Carr Riggs subpoena. Call to attorney. |
| 675 | 6-12-06 | 1.5 | Larry Mann | Prepare and file amended damage exhibit. |
| 694 | 6-15-06 | .1 | Larry Mann | Reviewed Court minute entry regarding trial. |
| 700 | 6-16-06 | .1 | Larry Mann | Reviewed Court minute entry regarding trial. |
| 704 | 6-24-06 | .1 | Larry Mann | Reviewed Court minute entry regarding trial. |

While the duplicate time may have been well spent by each of these attorneys, the defendant should not have to pay for multiple attorneys to attend the depositions in question. The court shall reduce the claims for line items 135 and 136 by one-half for both of plaintiff's counsel, allowing each of them 3.6 hours to meet with their client and attend the plaintiff's deposition. For line items 201-208, the court shall allow each attorney one half the hours claimed. Therefore, the court shall reduce the

claim by attorney Wilkinson 1.5 hours and the claim by attorney Mann 1.4 hours. Additionally, the court finds defendant's objection to entry 211 meritorious, as the best the court can discern from the time records, attorney Wilkinson attended one deposition two times. Thus, the court shall reduce her time request by an additional 1.0 hour.

The court shall reduce the duplicative claims in line items 218-219 by 1.5 hours for each of plaintiff's attorneys. For the reasons previously explained, the court shall reduce the claims in line items 299 and 300 by one-half each, resulting in a .4 reduction to each attorney. Similarly, the court will reduce line items 653 and 654 by one-half, resulting in a .5 reduction to the hours claimed by attorney Wilkinson and attorney Mann.

The above set of line items not specifically addressed by the court in the preceding paragraph have been disallowed in their entirety.

Defendant also objects to both of plaintiff's counsel attending in court proceedings such as the Report and Recommendation hearing held in December 2005. While this judge was not assigned to this case at that time, the undersigned does note that at each court appearance after this case was reassigned, both of plaintiff's counsel were noted to contribute to the prosecution of the case and that the defendant had at least this number of attorneys present at all times. Similarly, the

court will allow both of plaintiff's counsel time claimed to meet with their client and attend mediation.

The court disagrees with defendant that line item 36, noted to be research on an article entitled "Slavery still exists in Alabama," is irrelevant and unnecessary, given the unique testimony heard during trial in this case. Therefore, the court allows the 4 hours claimed for research concerning this article.

The court agrees that the following line items regarding communications with Andrew Allen, who appeared briefly in this case, are not compensable.

| | | | | |
|---|---|---|---|---|
| 60 | 6-9-03 | 1.6 | Larry Mann | Met with Andy Allen regarding co-representation of plaintiff. |
| 62 | 6-24-03 | .1 | Larry Mann | Review notice of appearance filed by Andy Allen. |
| 101 | 12-17-03 | .1 | Larry Mann | Review Allen letter to defense counsel. |
| 113 | 2-16-04 | .2 | Larry Mann | Review fax and letter from Andy Allen. |

The defendant also challenges the time plaintiff spent trying to keep Terry Price from joining defendant's counsels' firm, Ford & Harrison. The court shall allow all of this time in full. Due to defendant's counsels' failure to delay hiring Mr. Price, the original judge assigned to this matter had to recuse himself and the undersigned judge received the case by random assignment. Ford & Harrison was ordered to reimburse the court for the expense of summoning jurors due to the resetting of trial then required by Ford & Harrison's decision not to delay Mr. Price

from joining their firm. In its Order, this court never "refused to award Plaintiff's counsel fees (Docs. 73 and 91)" as represented by defendant. Defendant's corrected reply, at 7. Rather, the court in that Order noted that the plaintiff never requested sanctions (doc. 73). The court found the plaintiff's motion to delay Terry Price from joining Ford & Harrison moot because it was well after Mr. Price had joined the firm, not because the plaintiff's objections were not well taken (doc. 91). Defendant's representations otherwise are simply wrong.

Applying the above reductions, the court finds that at this point in the analysis, the fees are as follows:

**Cynthia Wilkinson**:  Hours claimed[13]         345.4
                        Hours reduced             29.5
                        Total hours allowed       315.9
                        Rate allowed:    $250/hour
                        Total fees:      $78,975.00

**Larry Mann**:         Hours claimed             309.1
                        Hours reduced              26.7
                        Total hours allowed       282.4
                        Rate allowed:    $250/hour
                        Total fees:      $70,600.00

**Amber Maddox**:       Hours claimed              60.0
                        Hours reduced               5.5
                        Total hours allowed        54.5
                        Rate allowed:    $30/hour

---

[13]The court has deducted the time withdrawn by plaintiff, totaling 1.0 hour, from the total claim of attorney Wilkinson.

       Total fees:       $1,635.00

The court must next determine whether the fees calculated above are reasonable in light of the relationship of the results obtained to the work performed. *See Dillard,* 213 F.3d at 1355-56, citing *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 739 (11th Cir.1988).

The court finds that after hearing all of the evidence presented in this case, the jury concluded that the defendant illegally discriminated against the plaintiff based on his race. Having reviewed the remaining time submitted by plaintiff's counsel, this court does not find it to be inflated or out of proportion with the sums the court would expect from litigation of this type. As such, this court declines to adjust the lodestar to account for other considerations. This court finds the fees reasonable for the reasons set forth above, except as previously adjusted. The court shall therefore allow attorney fees in the total amount of $149,575.00. The court further allows paralegal fees in the amount of $1,635.00.

The court has considered the defendant's other objections to the plaintiff's counsels' claimed time, but finds that further reductions on these objections are not well-taken.

*Costs*

The plaintiff claims costs of $9,328.17.  The defendant not having objected to these claimed costs and the court finding the same to be reasonable, the court shall allow the sum of $9,328.17 to plaintiff's counsel in costs.

*Conclusion*

In sum, the court finds that the plaintiff is due a total award of attorneys' fees of $149,575.00, paralegal fees in the amount of $1,635.00, and costs in the amount of $9,328.17.  Applying its experience and knowledge of the nature of this case, and considering all factors which this court must in awarding attorneys' fees, the court finds no further adjustments to this award are necessary.

**DONE** and **ORDERED** this the  1ˢᵗ  day of August, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE